UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH COLEMAN,<br><br>Plaintiff,<br>v.<br><br>MELISSA LEADBETTER, C. SMITH,<br>CPL. WRINKLER, and<br>STE. GENEVIEVE COUNTY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-00211-SNLJ |

**MEMORANDUM AND ORDER**

Plaintiff Joseph Coleman, a pretrial detainee in the Ste. Genevieve County Jail, filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP motion") [Doc. 2], motion for appointment of counsel [Doc. 3], motion to add a party [Doc. 7], and review of the complaint under 28 U.S.C. § 1915 [Doc. 1]. For the reasons stated below, the IFP motion will be granted, and the motions for appointment of counsel and to add a party will be denied. Additionally, plaintiff will be allowed to proceed on a Fourteenth Amendment claim against defendants Leadbetter, Smith, and Wrinkler, in their individual capacities, and all remaining claims will be dismissed.

**Motion for Leave to Proceed In Forma Pauperis**

A prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds to pay the entire fee, the

Court must assess an initial partial filing fee of 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the prior six-month period. *Id.* "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). "[T]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fee is fully paid." *Id.* Plaintiff submitted a certified copy of his prison account statement [Doc. 8]. The Court finds that plaintiff lacks sufficient funds to pay the full filing fee and assesses an initial partial filing fee of $1.00.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints to filter out nonmeritorious claims. Any portion of the complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, and it liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint to permit the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

**The Complaint**

Plaintiff makes the following allegations in the complaint [Doc. 1]: Plaintiff suffers from sleep apnea, a life-threatening condition. He was prescribed a CPAP machine but was informed that he would have to pay for it himself, despite being indigent. He wakes every night gasping for air and experiencing extreme pain. Officer C. Smith denied him a CPAP machine. Melissa Leadbetter, the Medical Director, stopped the doctor on duty at the jail from ordering a CPAP machine for plaintiff. Corporal Wrinkler informed him that the jail would not pay for a CPAP machine. However, two other inmates were provided with CPAP machines. Leadbetter told him that, because he is a state inmate, the jail is not responsible for his medical care.

Plaintiff is afraid to go to sleep for fear that he will stop breathing in his sleep and die. He has not received medical care on the nights that he stopped breathing. He seeks injunctive relief and monetary damages.

**Discussion**

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.[1]

Count I: Fourteenth Amendment deliberate indifference to serious medical needs claim against Melissa Leadbettter, Corporal Wrinkler, and Officer C. Smith for denying plaintiff a CPAP machine for his diagnosed sleep apnea.

[1] Any other claim that is mentioned in the complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Count II: Fourteenth Amendment deliberate indifference to serious medical needs claim against Ste. Genevieve County for denying plaintiff a CPAP machine for his diagnosed sleep apnea and denying plaintiff medical care after sleep apnea episodes.

Count III: Fourteenth Amendment deliberate indifference to serious medical needs claim against unidentified individuals for denying plaintiff medical care after sleep apnea episodes.

***Count I***

"A pretrial detainee's deliberate indifference claim is governed by the Fourteenth Amendment, which prohibits a state from depriv[ing] any person of life, liberty, or property, without due process of law." *Smith v. Lisenbe*, 73 F.4th 596, 600 (8th Cir. 2023) (cleaned up). "[A] pretrial detainee receives at least the same protections that convicted prisoners receive under the Eighth Amendment." *Id.* "To succeed on a Fourteenth Amendment deliberate indifference claim, a plaintiff must demonstrate that a pretrial detainee had an objectively serious medical need that the defendants knew of and yet deliberately disregarded." *Id.*

The allegations in the complaint are sufficient to proceed on the claim in Count I against Melissa Leadbettter, Corporal Wrinkler, and Officer C. Smith, in their individual capacities, for denying plaintiff a CPAP machine for his diagnosed sleep apnea. *See, e.g. Meloy v. Schuetzle*, 230 F.3d 1363 (8th Cir. 2000) (reversing dismissal of claim against prison officials for refusal to provide a CPAP machine for prisoner with sleep apnea).

However, the official capacity claims against the defendants will be dismissed. An official-capacity claim is treated as a suit against the County itself. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Here, plaintiff has named the County as a

defendant, and that claim is addressed in Count II.

***Count II***

The doctrine of respondeat superior is not applicable to § 1983 claims and, therefore, a local government cannot be held liable for the actions of its employees. *Vaughn v. Greene Cnty., Ark.*, 438 F.3d 845, 851 (8th Cir. 2006). Rather, a local government may only be held liable under § 1983 for a constitutional violation if the violation resulted from (1) an official municipal policy, (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise." *Troupe v. Young*, 143 F.4th 955, 973 (8th Cir. 2025). Plaintiff has not alleged facts to support a claim against Ste. Genevieve County and, therefore, Count II and Ste. Genevieve County will be dismissed.

***Count III***

Plaintiff has not alleged sufficient facts for, nor identified a defendant with regard to, his claim that he did not receive medical care on the nights that he stopped breathing as a result of his sleep apnea. As a result, Count III will be dismissed.

**Motion to Add a Party**

Plaintiff filed a supplement seeking to add Sgt. Goggin as a defendant. [Doc. 7]. To add a party, a plaintiff must file a motion for leave to file an amended complaint to add a party and submit a proposed amended complaint in accordance with Federal Rule of Civil Procedure 15 and Local Rule 4.07. Additionally, Local Rule 4.07 requires:

> A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed. All new material in the amended pleading must be underlined and all material being removed must be struck through. It is sufficient to underline the names of new parties the first place they appear in amended pleadings. Similarly, when new

> claims or defenses are raised by an amendment, it is sufficient that the number of the designated count or paragraph identifying the amendment be underlined.

Because plaintiff failed to comply with Rule 15 and Local Rule 4.07, the motion to add a party [Doc. 7] is denied.

**Motion for Appointment of Counsel**

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). The appointment of counsel for an indigent plaintiff in a civil matter is within the Court's discretion. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Once a plaintiff has alleged a prima facie claim, the Court must determine whether the plaintiff requires counsel to litigate the claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointing counsel in a civil case is whether both the plaintiff and the Court would benefit from counsel's assistance. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). This determination requires consideration of several relevant criteria, including the complexity of the legal issues and arguments, the indigent person's ability to investigate the facts and present the claims, and the existence of conflicting testimony. *Phillips*, 437 F.3d at 794.

The Court finds that appointment of counsel is not warranted at this time. This action appears to involve straightforward questions of fact rather than complex questions of law. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so the appointment of counsel is premature. The motion [Doc. 3] is therefore denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. The agency having custody of plaintiff is directed to forward the initial partial filing fee from plaintiff's account to the Clerk of Court upon receipt of this Order. The check shall be made payable to "Clerk, United States District Court," and include upon it: (1) plaintiff's name; (2) his prison registration number; and (3) the case number. The Clerk of Court is **DIRECTED** to send a copy of this Order to plaintiff and the Trust Fund Officer (or institutional equivalent) at the Ste. Genevieve County Jail.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

**IT IS FURTHER ORDERED** that the claim designated as **Count I WILL PROCEED** against **defendants Melissa Leadbettter, Corporal Wrinkler, and Officer C. Smith, in their individual capacities**. The official capacity claims against those defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that the claim designated as **Count II and defendant Ste. Genevieve County** are **DISMISSED** without prejudice, and the Clerk of

Court is directed to terminate Ste. Genevieve County as a defendant in this action.

**IT IS FURTHER ORDERED** that the claim designated as **Count III** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the defendants shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Ste. Genevieve County Jail, 5 Basler Drive, Ste. Genevieve, Missouri 63670.

**IT IS FURTHER ORDERED** that the motion to add a party [Doc. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [Doc. 3] is **DENIED**.

**IT IS FINALLY ORDERED** that plaintiff is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

**SO ORDERED** this 22nd day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, defendants will enter an appearance and file an answer or other responsive pleading. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take longer. When defendants have filed their responsive pleadings, the Court will enter a Case Management Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.